248

(No. 42074.—

The People *ex rel.* Ronald Mathes *et al.,* Petitioners *vs.* Richard T. Carter, Judge, Respondent.

*Opinion filed Sept. 26, 1969.—Rehearing denied Nov. 25, 1969.*

Robert F. Godfrey, of East St. Louis, for petitioners.

John M. Karnes, of Belleville, for respondent.

Mr. Chief Justice Underwood delivered the opinion of the court:

Petitioners Ronald Mathes and Thomas Edward Kayser filed, pursuant to leave granted, their original petition praying that a writ of *mandamus* issue directed to the chief judge of the 20th Judicial Circuit of this State to require the dismissal of certain criminal charges pending against them in the St. Clair County circuit court. Respondent moved to dismiss the petition as being substantially insufficient in law, and issue is joined on the petition and motion.

From the verified petition, it appears that Mathes was charged with theft and burglary in an action filed November 9, 1966. In May, 1967, both Mathes and Kayser were apparently indicted for burglary. Both defendants filed a motion to dismiss these charges on November 30, 1967, and allege in their petition here that although they have requested a ruling on this motion, the trial court has neither

ruled on the motion nor set the pending cases for trial. They now assert they are entitled to discharge under the provisions of the Code of Criminal Procedure providing for speedy trials. Ill. Rev. Stat. 1967, ch. 38, par. 103—5.

In December, 1966, both petitioners were arrested in Jefferson City, Missouri, on a Federal charge of bank robbery. Later that month they were arraigned and admitted to bail on those charges in Jefferson City. They were later arrested at St. Louis, Missouri, and extradited to Illinois on March 17, 1967, to answer the charges later embodied in the May, 1967, indictments. On March 20, 1967, the St. Clair County sheriff surrendered the custody of petitioners to the United States marshal at Jefferson City and they were reinstated to Federal bail. Petitioners were subsequently convicted on the Federal charge and, on June 29, 1967, sentenced to 15 years imprisonment by the United States District Court. They are presently confined at the Federal penitentiary at Leavenworth, Kansas. The convictions were affirmed by the Circuit Court of Appeals for the Eighth Circuit on May 21, 1968. (*Kayser* v. *United States,* 394 F.2d 601.) The petition before us was verified on March 26, 1968. The motion to dismiss filed by respondent herein on April 21, 1969, asserts that neither the Federal nor State constitution requires that petitioners be prosecuted on the pending Illinois indictments at their convenience nor should the indictments be dismissed. The motion further alleges the pendency of the appeal to the Eighth Circuit Court of Appeals on the Federal charges and that the prosecuting authorities should not be required to prosecute the charges pending in St. Clair County until the outcome of the appeal has been determined. As above noted, that appeal was decided May 21, 1968; *certiorari* was denied by the United States Supreme Court in October, 1968, (*Kayser* v. *United States,* 393 U.S. 919, 21 L. Ed. 2d 206, 89 S. Ct. 250), and the Federal convictions and sentences are now final. Therefore, even assuming that such appeal constituted a valid

reason for delaying State proceedings, that reason no longer exists.

We assume, since there is no contrary allegation or proof, that the St. Clair County authorities have taken no action attempting to secure petitioners' return here for the purpose of disposing of the pending charges. Under these circumstances, the recent decision of the United States Supreme Court in *Smith* v. *Hooey*, 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575, decided January 20, 1969, requires us to grant the alternative relief prayed by petitioners to direct respondent promptly to hear and decide the issues raised by petitioners' motion to dismiss filed November 30, 1967.

*Smith* v. *Hooey* involves a factual situation similar to this case. There, petitioner was indicted in 1960 in Harris County, Texas, on the charge of theft. He was then, and at the time the opinion was rendered, a prisoner in the Federal penitentiary at Leavenworth. Shortly after the State charge was filed against Smith, he mailed a letter to the Texas trial court requesting a speedy trial. For six years Smith from time to time renewed his request. At no time did the State take any steps to obtain Smith's appearance in court. Finally in 1967, Smith filed a motion to dismiss the charge for want of prosecution and no action was taken. He then filed a *mandamus* action similar to the one brought here, and it was denied by the Texas Supreme Court. On *certiorari* to the United States Supreme Court, that court remanded the cause to the Texas Supreme Court for further proceedings. The opinion holds that the fact petitioner was incarcerated in a Federal prison does not relieve the State of the constitutional duty to try him speedily. So here, the fact that petitioners are Federal prisoners, with a State detention order requiring their delivery to the St. Clair County authorities upon their release from the Federal prison, does not relieve the People from affording a speedy trial nor relieve the trial court from promptly disposing of

their motion and, if the motion is overruled after hearing, from setting the case for trial, assuming, of course, the willingness of Federal authorities to permit petitioners' return.

We do not agree that the record before us merits discharge of the petitioners under section 103—5 of the Code of Criminal Procedure. The causes are pending on petitioners' motion to dismiss, and the delay in hearing is caused at least in part by them as defendants who had, but failed to avail themselves of, the right formally to request a hearing in the trial court.

The writ will issue directing respondent to set the motion to dismiss for hearing, and thereafter proceed in accordance with the views herein expressed.

*Writ awarded.*